**STATE of Missouri, Respondent,**

v.

**Glenn E. AVERY, Appellant.**

No. 51228.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 13, 1987.

Motion for Rehearing and/or Transfer Denied Feb. 11, 1987.

Application to Transfer Denied March 17, 1987.

Kathleen Murphy Markie, Janet M. Thompson, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Carrie Francke, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his jury conviction of second degree burglary and stealing. He was sentenced as a persistent offender to two terms, each of five years, to be served consecutively. We affirm.

On appeal, defendant contends his confession should have been excluded because it was the result of an illegal arrest and was involuntary due to coercion. Defendant also contends that without the confession, the State failed to make a submissible case.

On February 14, 1985, defendant and his brother were in Scott County, Missouri, and drove to the residence of a man for whom defendant's brother occasionally did construction work. The owner's teen-aged son was the only person present. He asked for a ride to a store in a nearby town. After dropping the boy off, defendant and his brother left in the direction of the house. Several hours later, when the owner of the house and the son returned, they discovered a television set, a microwave oven, an AM/FM stereo cassette radio, and some jewelry missing.

In investigating the crime, two Scott County deputies went across the river to where defendant was living with his ex-wife in Illinois. She gave them and an Illinois police officer permission to look around. They found a radio that matched the description of the stolen radio. The ex-wife told the deputies defendant and his brother were the ones who had committed the burglary. The Illinois police officer then arrested the ex-wife after the search produced drug paraphernalia.

In returning to Scott County, the deputies passed through Cape Girardeau County, Missouri. They saw defendant and his brother driving in the opposite direction, turned around and followed them. They radioed for assistance to Cape Girardeau officials, but none were available. In following the route back towards Illinois, the deputies found defendant and his brother stopped on the side of the road adding water to their radiator. The defendant and his brother were then arrested and taken to the Scott County jail.

Scott County deputies testified they repeatedly read defendant his *Miranda* rights whenever they questioned him. Though he originally declined to talk, he did make a confession after he asked to, and in fact did, talk to his ex-wife who was in custody in Illinois. Defendant and his ex-wife testified at the suppression hearing their phone conversation was prompted by police officials to let defendant know his ex-wife would be arrested and their children taken away if defendant did not make a confession. This was denied by the deputy who was working on the case.

Defendant attacks the arrest because it took place outside the jurisdiction of the Scott County deputies, the deputies were not in "hot pursuit," there were no Cape Girardeau officials present, and there was no probable cause to arrest defendant. *See Settle v. State*, 679 S.W.2d 310 (Mo.App. 1984).

"Hot pursuit" is not an issue since a private citizen may make an arrest in Missouri where it is shown a felony has been committed and reasonable grounds exist to suspect the arrested person. *State v. Gay*, 629 S.W.2d 470, 473 [5] (Mo.App. 1981). In this case, defendant had been a suspect to the felony since its commission. The deputies were returning from defendant's residence where they had discovered property that matched the description of the stolen property. They had been told by defendant's ex-wife, with whom defendant was living and trying to reconcile, that defendant had committed the felony. It is

indisputable that a felony had been committed and reasonable grounds existed to suspect defendant. Therefore, the arrest was legal.

 The Missouri Supreme Court has recently dealt with the issue of whether a confession is voluntary and therefore admissible. *State v. Lytle*, 715 S.W.2d 910 (Mo. banc 1986). Once defendant objects to a confession's admission into evidence, there must be a clear-cut determination that the confession was in fact voluntary. While the burden of proving the confession's voluntariness is upon the State, it need be proved only by a preponderance of the evidence. The test for "voluntariness" is whether under the totality of the circumstances defendant was deprived of a free choice to admit, to deny, or to refuse to answer, and whether physical or psychological coercion was of such a degree that defendant's will was overborne at the time he confessed. In determining whether a confession was obtained by mental coercion, factors to consider include age, experience, intelligence, gender, lack of education, infirmity, and unusual susceptibility to coercion. In determining whether the evidence was sufficient to sustain the trial court's finding of voluntariness, we must defer to the trial court's superior position from which to determine credibility when the evidence conflicts. *Id.* at 915.

◼ The resolution of this issue can depend on the credibility of the witnesses. If the deputy was believed, no threats or promises were made concerning the prosecution of defendant's ex-wife or the custody of their children. As noted earlier, conflict of testimony is to be determined by the trial judge who has superior ability to judge credibility. Other than the testimony of defendant and his ex-wife that threats were made, there is nothing to show the confession was involuntary. The fact that defendant changed his mind about talking, after communicating with his ex-wife, does not prove a threat was made. It could be explained by her confirming the strength of the State's case. Considering his numerous prior felony and misdemeanor convictions, defendant could not be con-

sidered inexperienced in dealing with police and thus easily threatened.

Based on the record as a whole, there was sufficient evidence from which the trial court could find the confession voluntary and therefore admissible. Since defendant's claim to insufficiency of the evidence was dependent upon the inadmissibility of the confession, we rule against defendant on that point also.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.